**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL EUGENE PRICE, SR.,

      Petitioner - Appellant,

v.

RON CHAMPION, Warden of Dick
Connor Correctional Center,

      Respondent - Appellee.

No. 00-5016
(D.C. No. 98-CV-755-B)
(Northern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

---

Petitioner-Appellant Michael Eugene Price, appearing pro se, seeks a

certificate of appealability pursuant to 28 U.S.C. § 2253(c) to challenge the

district court's dismissal of his petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. The district court dismissed Price's petition as procedurally

barred. Because we conclude that Price has not made "a substantial showing of

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny a certificate of appealability and dismiss this appeal.

**I**

Price is a state inmate serving a sixty-five-year sentence imposed on October 5, 1995, following a jury verdict of guilty for committing robbery with a firearm after former conviction of two or more felonies. Against the advice of the trial court, he appeared pro se at trial. He did not file a timely direct appeal of his conviction and sentence, but on several occasions from October 1995 to August 1996, he attempted unsuccessfully to obtain a copy of his trial transcripts at no cost.

On April 8, 1997, Price filed an application for state post-conviction relief. The state district court denied the application, finding that he had waived his claims by failing to perfect a direct appeal. He did not appeal that decision, instead filing a second application for state post-conviction relief on April 3, 1998. The state district court again denied his application, finding he had waived his claims. On appeal from the denial of his second application, the Oklahoma Court of Criminal Appeals dismissed his appeal as untimely.

On October 1, 1998, Price filed a petition for a writ of habeas corpus in federal district court pursuant to 28 U.S.C. § 2254 on the ground that he had been denied a direct appeal through no fault of his own and had been denied a copy of

the record at no cost for purposes of preparing for his appeal. The district court denied his petition without an evidentiary hearing, concluding he had procedurally defaulted his claims. This appeal followed.

**II**

We review de novo whether a defendant's claims are procedurally barred. See Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir. 1993). If a state prisoner has defaulted his federal claims in state court by virtue of an independent and adequate state procedural rule, federal habeas review of his claims is "barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." Id. at 986 (quotation and citation omitted).

The district court denied Price's petition, concluding he had procedurally defaulted his claims twice:

> first, when he failed to raise his claim that he had been denied a
> direct appeal through no fault of his own, despite having knowledge
> of the facts underlying the claim, in his first post-conviction
> application and then failed to appeal the trial court's denial of that

-3-

post-conviction application; and second, when he failed to perfect a timely appeal from the trial court's denial of his second application for state post-conviction relief.

(I R. Doc. 17 at 6.) We agree with the district court's reasoning and its conclusion that Price has twice procedurally defaulted his claims and that Oklahoma's procedural bar rule is "independent" and "adequate." Coleman, 501 U.S. at 750.

Therefore, we must determine whether Price has show "cause and prejudice" or a "fundamental miscarriage of justice" sufficient to overcome the procedural default. Id. To satisfy the "cause" prong of the standard, Price must establish that "some objective factor external to the defense" prevented him from complying with the state court's procedural rules. McCleskey v. Zant, 499 U.S. 467, 493 (1991) (quotation and citation omitted). The district court concluded that Price failed to allege cause for his failure to appeal the trial court's denial of his first application for post-conviction relief. It reasoned that because of this failure to appeal, any subsequent request for relief raised in a post-conviction appeal would be subject to procedural bar by the Oklahoma Court of Criminal Appeals. The district court also dismissed other conclusory assertions of limitations on his access to the law library because he failed to relate the alleged restrictions to his defaults in state court. We find that the district court properly applied the doctrine of procedural default to foreclose review of Price's claims.

He has failed to allege any cause for his first procedural default. On appeal, he now claims the law library supervisor refused to send his notices of appeal. He does not specify whether he is referring to his direct appeal or his first application for post-conviction relief, but even if he was alleging cause for his failure to appeal his first application, we do not consider the claim because it is raised for the first time on appeal. See Oyler v. Allenbrand, 23 F.3d 292, 299 n.8 (10th Cir. 1994).

Furthermore, Price argues for the first time on appeal that his state procedural default should be excused to prevent a fundamental miscarriage of justice. However, even if we considered this claim for the first time on appeal, fundamental miscarriage of justice is an "extremely narrow exception, implicated only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Ballinger, 3 F.3d at 1375 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). To prevail, Price must identify evidence that affirmatively demonstrates his innocence. See Schlup v. Delo, 513 U.S. 298, 327 (1995). Price has done nothing more than present conclusory statements of his innocence.

### III

We conclude that Price has failed to make a substantial showing of the denial of a constitutional right. The request for a certificate of appealability is

**DENIED**; this appeal is **DISMISSED**.  Price's motion to proceed in forma

pauperis is **GRANTED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge